UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CR 17 SNLJ |
| | ) | |
| JAMES D. KOZOHORSKY, | ) | |
| | ) | |
| Defendant(s). | ) | |

**REPORT AND RECOMMENDATION**

The defendant has filed two pretrial motions: Defendant's Motion to Dismiss Indictment as

Duplicitous (Document #41); and defendant's Motion to Dismiss the Indictment (Document #42).

**Defendant's Motion to Dismiss Indictment as Duplicitous**

In Defendant's Motion to Dismiss Indictment as Duplicitous, defendant argues that the

Indictment is duplicitous in that it charges more than a single offense in violation of Rule 8(a) of the

Federal Rules of Criminal Procedure. The indictment alleges that "Between on or about March 29,

2010 and on or about September 30, 2010, in Butler County, within the Southeastern Division of the

Eastern District of Missouri, and elsewhere, JAMES D. KOZOHORSKY, the defendant herein, a

person required to register under the Sex Offender Registration and Notification Act, traveled in

interstate commerce and did knowingly fail to register, in violation of Title 18, United States Code,

Section 2250."

Mr. Kozohorsky states that according to the government's disclosure during the time frame

alleged in the indictment, Mr. Kozohorsky "worked and stayed in Arkansas, Tennessee, or Mississippi

after failing to appear in Butler County on March 2, 2010, in connection with state sex offender

registration charges" until his arrest in Arkansas on September 30, 2010.

The defendant claims that the indictment encompasses possible registration failures in Arkansas, Tennessee or Mississippi, as well as Missouri. As the defendant claims, the Eighth Circuit has held that venue is proper either in the jurisdiction where a defendant had registered and moved from, as well as the state the defendant moved to. United States v. Howell, 552 F.3d 709 (8th Cir. 2009).

Defendant urges that "Given the bare bones nature of the Indictment, the choice of charging the offense as having occurred on or about a period of time spanning several months, under the reasoning of [United States v.] Pietrantonio, [637 F.3d 865 (8th Cir. 2011)], the charge is duplicitous and should be dismissed." Looking at the "bare bones" of the indictment without considering in which United States District Court the indictment is brought, the court could conclude theoretically, the indictment could have been brought possibly in Arkansas, Tennessee or Mississippi if facts supported the wording of the indictment.

However, practically, it was brought in the Eastern District of Missouri and not in any other district. This court has jurisdiction only in Eastern Missouri and it can only bring the charge in Eastern Missouri. This court cannot bring the charge in Arkansas, Tennessee or Mississippi. The District Courts in those states could not bring the charge in this state.

Practically, the indictment is not duplicitous.

The Defendant's Motion to Dismiss Indictment as Duplicitous (Document #41) should be denied.

## Motion to Dismiss the Indictment

Defendant's second motion is Motion to Dismiss the Indictment (Document #42). Defendant

argues that the Indictment should be dismissed because the prosecution is barred under the Double Jeopardy Clause and the Due Process Clause of the Fifth Amendment of the Constitution.

**Factual Background**

The following factual background is taken from that of the defendant as contained in his Motion to Dismiss the Indictment.

Prior to 2009, Mr. Kozohorsky was a person required to register under the laws of the State of Missouri and Arkansas as well as the laws of the United States. *See* Mo. Rev. Stat. §§589.407, 589.414, 589.424; Ark. Code Ann. §§12-12-905, 12-12-906, 12-12-904. In April of 2009, Mr. Kozohorsky began a period of custody relating to a D.W.I. charge in Dunklin County, Missouri, which continued through September 29th of that same year. He was then transferred to Butler County, Missouri, in connection with Case Number 09BT-CR00548-01, charging him with false information (his residence) as a sex offender under Missouri law last registered on or about March 9, 2009. This is based on Officer David Sutton's report of an interview on March 25, 2009.

Court docket entries reflect that those proceedings began in October of 2009, and that a bond was posted on October 16, 2009. Mr. Kozohorsky appeared with counsel, Scott F. Tilsen, through November of 2009, during which time motions for an increase of his bond were made by the State of Missouri and denied.

A plea or trial setting was established on January 5, 2010. Mr. Kozohorsky appeared, and the case was reset to March 10, 2010, for trial. A pretrial hearing was scheduled for March 2, 2010. A warrant was issued for Kozohorsky's arrest on March 2, 2010, for his failure to appear at the pretrial conference. Court records then reflect that on November 8, 2010, the Butler County

authorities served the warrant, and after several court appearances and continued trial settings, Mr. Kozohorsky entered a guilty plea on January 11, 2011.

Between the dates of the non-appearance in Missouri state court and the issuance of the warrant for Mr. Kozohorsky (March 2, 2010) and his appearance in Missouri on that warrant (November 8, 2010), the United States filed a complaint charging a violation of 18 U.S.C. §1073 – Unlawful Flight to Avoid Prosecution. A warrant was issued based on the probable cause statements which alleged the existence of the previously described criminal case and Mr. Kozohorsky's non-appearance, together with the facts contained in a second Missouri charge, Case Number 10BD-CR00509-01, charging a second violation of the Missouri Sex Offender Registration Law discovered on March 19, 2010. The Federal Criminal Complaint was sworn out on April 14, 2010.

Mr. Kozohorsky was arrested on September 30, 2010, by United States Marshals and state police officers in Arkansas. He was initially turned over to Arkansas authorities, which revoked a then-existing suspended imposition of sentence and imposed a three-year term. He was delivered to Missouri authorities in November of 2010; they disposed of his pending cases by imposing a three-year term of imprisonment on the charges ending in "48-01" (the 2009 offense) and dismissing the complaint ending in "09-01" (the 2010 offense).

The transcripts of the Missouri court proceedings reflect that on January 11, 2011, Mr. Kozohorsky entered a guilty plea under the following terms: [Prosecutor]: . . . "we have agreed to recommend a three-year term in the Department of Corrections. In addition upon your sentencing of defendant, to dismiss the companion case before the court, which is Case Number 10BTCR00509-01." (Plea transcript at page 7, January 11, 2011).

After Mr. Kozohorsky's arrest, the federal UFAP complaint was dismissed – the precise date is unknown.

Prior to Mr. Kozohorsky's plea in Butler County and the negotiated sentence and dismissal, the United States Marshals Service had presented to the United States Attorney's Office, in October of 2010, an investigative report recommending prosecution for violation of 18 U.S.C. §2250, based on his arrest by state and federal officials on September 30, 2010, and the alleged failure to register between March 29, 2010 and September 30, 2010.

The Indictment was returned on January 27, 2011, a few days after completion of the Butler County proceedings, although it was not unsealed until a month later in connection with the proceedings to bring Mr. Kozohorksy to federal court from the custody of the State of Missouri where he was then serving his sentence. He appeared in federal court on March 9, 2011.

### Discussion

Defendant's position is stated as follows:

> Mr. Kozohorsky argues that the statutory failure-to-register violation for which he stands charged and for which he was prosecuted in the state of Missouri, the law enforcement cooperation and coordination which led to his arrest and conviction, and the coordination of sequential prosecutions in this case entitles him to relief under the Constitution of the United States.

(Doc. #42, p. 4).

As related in the Factual Background above, the defendant faced two separate state charges in Butler County, Missouri. The case numbers were 09BT-CR00548-01 and 10BD-CR00509-01.

On January 11, 2011, Mr. Kozohorsky entered a plea of guilty to the charge ending in

5488-01 which was alleged to have occurred in 2009 and as part of the plea agreement, the charge ending in 509-01 (the 2010 charge) was dismissed.

The defendant had actually been arrested on a federal warrant issued on a complaint charging a violation of 18 U.S.C. § 1073, Unlawful Flight to Avoid Prosecution based on the state charges pending in Butler County. The arrest was made in Arkansas on September 30, 2010, by United States Marshals and Arkansas officers. Arkansas authorities revoked a prior suspended imposition of sentence and imposed a three-year prison sentence. Mr. Kozohorsky was delivered to Butler County authorities in November of 2010.

In October, 2010, the United States Marshals Service provided an investigative report to the United States Attorney's Office recommending federal prosecution of Kozohorsky for violation of 18 U.S.C. § 2250. The instant federal indictment is a result.

There was communication between the Assistant United States Attorney for the Eastern District of Missouri and the Prosecuting Attorney of Butler County. The Assistant United States Attorney believes the communications of the government's intention to file federal charges under § 2250 took place during the latter part of 2010 with follow-up communications taking place around January 19 and 21, 2011. The Assistant United States Attorney stated that at the time the United States Marshals Service recommended prosecution under § 2250 and when the federal indictment was filed, neither Cameron Thuirer, the investigating Deputy United States Marshal, nor the Assistant United States Attorney had any knowledge of the second failure to register case, 509-01, having been filed in Butler County. Id.

The court believes the cooperation between federal and state authorities is the basis for the defendant's claim. That cooperation included the government's filing the complaint for Unlawful

Flight to Avoid Prosecution (from state court), the arrest of the defendant in Arkansas on

September 30,2 010, by United States Marshals and state officers and Mr. Kozohorsky's being

turned over to state officers in Arkansas. After being sentenced in Arkansas, Mr. Kozohorsky was

sent to Butler County, Missouri, where he eventually pled guilty to one charge and had the second

dismissed. Then the federal charge was filed. The defendant claims the intertwining of state and

federal efforts makes both prosecutions, 509-01 and the current federal charge, in effect, the same

charge. He argues:

> Mr. Kozohorsky claims that prosecutorial and law enforcement agents
> coordinated their efforts against him in a manner that went beyond the ordinary
> processes of law enforcement and prosecution to obtain an unfair advantage. In
> addition, he claims Congress has intertwined the legislative enactments of state
> and federal governments relating to the registration and supervision of sex
> offenders, as well as the enforcement of such laws including criminal penalties, in
> a manner that is unique and results in the elimination of any limitations on the
> protections of the Double Jeopardy Clause.

(Doc. #42, p. 11).

Mr. Kozohorsky recognizes the holding of Blockburger v. United States, 284 U.S. 299

(1932), that the test for determining whether separate punishments may be imposed for conduct that

violates more than one statutory provision is whether the offenses require proof of different

elements, whether each offense requires proof of a fact which the other does not. (Doc. #42, p.

10).

It is clear that the prosecution of a matter under § 2250 requires interstate travel in

addition to being a sex offender and failing to register which constitute the elements of a state

crime.

It is not just that the federal crime contains the element of interstate travel making it a

different crime under <u>Blockburger</u>, it is such a different and distinct offense, that the federal crime

could not be prosecuted in state court. The state crime of a convicted sex offender who simply fails

to register is not prosecuted in federal court.

Although the federal sex-offender registration laws have, from their inception, expressly

relied on state-level enforcement, <u>Carr v. United States</u>, 130 S.Ct. 2229, 2238 (2010); have set

national standards for state sex-offender registration programs; have conditioned federal funds on

states' adoption of criminal penalties, <u>Id</u>., it is still a different and distinct law. There is a close

relationship between federal law and state law such that the Sex Offender Registration and

Notification Act (SORNA) established a comprehensive national system for the registration of sex

offenders. 42 U.S.C. § 16901.:

> Among its many provisions, SORNA instructs States to maintain sex-offender
> registries that compile an array of information about sex offenders, § 16914; to
> make this information publicly available online, § 16918; to share the information
> with other jurisdictions and with the Attorney General for inclusion in a
> comprehensive national sex-offender registry, §§ 16919-16921; and to "provide
> a criminal penalty that includes a maximum term of imprisonment that is greater
> than 1 year for the failure of a sex offender to comply with the requirements of
> this subchapter," § 16913(e). Sex offenders, in turn, are required to "register,
> and keep the registration current, in each jurisdiction where the offender resides,
> where the offender is an employee, and where the offender is a student," §
> 16913(a), and to appear in person periodically to "allow the jurisdiction to take a
> current photograph, and verify the information in each registry in which that
> offender is required to be registered," § 16916.

The intertwining of federal law and state enforcement encouraged and supported by federal law

does not blur the line between the federal crime and the state crime.

If § 2250 were merely the restatement of a state statute, there would have been no need

for § 2250. But it is clear there was a need. Section 2250 "is embedded in a broader statutory

scheme enacted to address the deficiencies in prior law that had enabled sex offenders to slip

through the cracks." Carr, 130 S.Ct. at 2240.

The House of Representatives understood the problem the law faced before the enactment

of § 2250:

> "The most significant enforcement issue in the sex offender program is that over
> 100,000 sex offenders, or nearly one-fifth in the Nation[,] are 'missing,' meaning
> they have not complied with sex offender registration requirements.  This
> typically occurs when the sex offender moves from one State to another."
> H.R.Rep. No. 109-218, pt. 1, p. 26 (2005)." (Cited in Carr, 2240.)

"The act of travel by a convicted sex offender ... is ... the very conduct at which Congress took

aim." Id.

The Court, in Carr, commented:

> Taking account of SORNA's overall structure, we have little reason to doubt
> that Congress intended § 2250 to do exactly what it says: to subject to federal
> prosecution sex offenders who elude SORNA's registration requirements by
> traveling in interstate commerce.

It is the premise of Defendant's Motion to Dismiss the Indictment that the state offense

contained in Butler County's Case No. 10BD-CR00509-01 which allegedly took place in 2010 and

was dismissed as a part of the plea bargain on January 11, 2011, by the State and the instant federal

case charging a crime which allegedly occurred in 2010 and involved Butler County are the same

offense.

The undersigned has tried to show that there was a need for § 2250.  SORNA directed

that actions be taken by the states to keep track of sex offenders but many were slipping "between

the cracks." In fact in 2005, Congress estimated over 100,000 sex offenders were "missing"

because sex offenders moved from one state to another.  The states could not prevent such a move

and once it was accomplished, the state the offender had left had no jurisdiction to do anything to

the departed offender.  The new home-state had no idea the offender was now within its borders.

The answer Congress arrived at was § 2250.

Section 2250 cannot be enforced by the states.  Only the federal government which has jurisdiction beyond a state's borders can enforce § 2250.  Only § 2250 can solve the problem that had permitted so many sex offenders to escape detection.

An offense under § 2250 is not a state crime.  It states an entirely different crime from the state failure-to-register statutes.  The instant federal charge is not the same as Butler County's dismissed case of 509-01 and, thus, does not violate Mr. Kozohorsky's rights under the Double Jeopardy Clause of the Fifth Amendment or the Due Process Clause of the Fifth Amendment.

James Kozohorsky's Motion to Dismiss the Indictment should be denied.

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss Indictment as Duplicitous (Document #41) and his Motion to Dismiss the Indictment (Document #42) be denied.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

_Lewis M. Blanton_
_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of September, 2011.